[Cite as *Spizzirri v. Ohio Dept. of Job & Family Servs.*, 2015-Ohio-4895.]

**IN THE COURT OF CLAIMS OF OHIO**

JAMES SPIZZIRRI

     Plaintiff

     v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES

     Defendant

Case No. 2015-00154-AD

Clerk Mark H. Reed

<u>MEMORANDUM DECISION</u>

{¶1}   On March 2, 2015, James Spizzirri (hereinafter "plaintiff") filed a complaint against the Ohio Department of Jobs and Family Services (hereinafter "ODJFS"). In his complaint the plaintiff, presumably a licensed foster parent, alleged that sometime in 2014 a foster child was placed in his home by the Hancock County Department of Jobs and Family Services (hereinafter "Hancock County JFS"). Plaintiff states that employees of Hancock County JFS failed to disclose the magnitude of this foster child's behavioral issues, which manifested in, among other things, extremely destructive behaviors. As a result of this foster child's malicious acts, plaintiff suffered damage to his personal and real property in the approximate amount of $10,000. Plaintiff did not disclose whether or not he had insurance coverage available to reimburse him for either all or part of his loss.

{¶2} On June 11, 2015, ODJFS filed an Investigation Report which read, in pertinent part, as follows:

   a. In Ohio, foster care and adoption programs are administered by either public children service agencies ("PCSA") or private, licensed agencies. Neither the PCSAs nor their employees are agents of the State, but instead they are county agencies and therefore are considered political subdivisions for purposes of Chapter 2742 of the Revised Code.

b. The PCSA with custody of a child is responsible for evaluating the needs of the child, determining the most appropriate placement for that child and sharing all relevant information about the child with the chosen placement. All adoptions must be approved by a probate court. ODJFS has no involvement in foster care or adoption cases. The extent the State supervises a PCSA in a foster care or adoption case is to pass through federal funds for the care of the child in the PCSA's custody, to promulgate administrative rules for the administration of the child protection program and to investigate allegations of administrative rule violations by the PCSA. Therefore, defendant has no direct knowledge of the claims stated by claimant and cannot provide any additional information to the Court.

{¶3} In a response filed June 25, 2015, the plaintiff disputed the position of ODJFS, asserting among other things that ODJFS took over Hancock County JFS responsibilities in 2015. However, there is no evidence in the record to support this fact. Plaintiff also states that since his adoption subsidy for this child was made from the State of Ohio, ODJFS is the responsible party for his loss.

{¶4} The Court is unable to agree with the arguments advanced by the plaintiff. It is rather the finding of this Court that ODJFS is correct in its assertion that there was no state action. Regardless of how the employees of the Hancock County JFS are paid (and it is most likely they are paid from a combination of federal, state, and county funds), the workers that placed the foster child in the plaintiff's home are not employees or agents of ODJFS, rather they are county employees. Moreover, the legal determination of whether or not the foster child in question was approved for placement in plaintiff's home, and therefore subsequently eligible for adoption, was made by the Hancock County Juvenile and Probate Courts respectively, which are also certainly not part of or under the control of ODJFS.

{¶5} Thus, the plaintiff has failed to state a claim against a state agency or entity upon which relief can or should be granted and therefore, the complaint filed March 2, 2015 is hereby DISMISSED.

**IN THE COURT OF CLAIMS OF OHIO**


JAMES SPIZZIRRI

    Plaintiff

    v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES

    Defendant

Case No. 2015-00154-AD

Clerk Mark H. Reed

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>


Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are waived.


 

_____
MARK H. REED
Clerk


Entry cc:

James Spizzirri
962 Green Drive
Coshocton, Ohio  43812

Cynthia C. Dungey, Director
Department of Job & Family Services
30 East Broad Street, 32nd Floor
Columbus, Ohio  43215


Filed 7/1/15

Sent to S.C. Reporter 11/24/15